Joseph M. Chambers (0612)
J. Brett Chambers (15106)
HARRIS, PRESTON & CHAMBERS, LLP
31 Federal Avenue
Logan, UT 84321
T: 435.752.3551
F: 435.752.3556
jchambers@utahlawfirm.com
*Attorney for Hydrotech Engineering, LLC.*

---

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CLARK CANYON HYDRO, LLC<br><br>     Plaintiff,<br><br>vs.<br><br>IDAHO POWER COMPANY<br><br>     Defendants. | **MOTION TO QUASH SUBPOENA**<br><br><br>Case No. 2:19-mc-00____-  (District of Utah)<br><br>Case No. 2:18-cv-065-BMM<br>(District of Montana)<br>Judge Brian Morris |

Pursuant to FED. R. CIV. P. RULE 45, Hydrotech Engineering, LLC. ("Hydrotech") moves to quash the subpoena attached hereto as Exhibit 1,which Defendant, Idaho Power Company ("Idaho Power"), caused to be served on Hydrotech on or around December 9, 2019.

### INTRODUCTION

This Motion is filed to protect Hydrotech from an untimely served subpoena seeking the production of documents contrary to the Federal Rules of Civil Procedure.

### FACTUAL BACKGROUND

1.      Around May 2011, Hydrotech entered into a contract with the Plaintiff Clark

Canyon Hydro, LLC ("Clark Canyon") for the procurement of turbine generating equipment. The project was highly dependent upon federal tax credits and subsidies related to the Obama Administration's American Recovery and Reinvestment Act. The project ran into difficulties unrelated to Hydrotech's performance of its contract.[1]  In turn this has resulted in the present litigation between the Plaintiff Clark Canyon and the Defendant Idaho Power.  The turbines and related accessions were to be manufactured by Dongfeng Electric, ("Dongfeng") a China company and shipped to Seattle for ground transport to the project. The turbines were manufactured and have been partially delivered near the project site in Boise, ID and balance of the equipment has been sitting at the Dongfeng factory in China since 2013. Dongfeng has subsequently filed for bankruptcy under Chinese law.

2.    Hydrotech was a small boutique engineering firm. They are not a party to the Montana litigation; to its knowledge Hydrotech has no interest in the outcome of the litigation; and it is not in a position to absorb the substantial expense and costs associated with compliance of the subpoena. There appears to be nothing unique or special about the ligation that would classify it as being of "public importance."  Hydrotech is no longer in business but is in the final stages of a winding up phase. It ceased operating around 2015. It has ceased conducting ongoing business but has not allowed its Utah entity status to lapse with the Utah Department of Corporations to facilitate the orderly winding up of its business affairs.  Records related to this and other hydro projects have either been destroyed or moved to a storage facility when it

---

[1]   Clark Canyon has paid approximately 65% of the contract price and Dongfeng Electric, the manufacturer,  has manufactured the turbines. Clark Canyon was not able to pay the remaining balance of the contract and the turbines sit in China. It is estimated that it would cost approximately $200,000 to $300,000 to ship the turbines to Seattle. Since the turbines have been sitting in an open storage area it not known if the turbines are functional or would need significant re-tooling or re-working to make them functional.

vacated its business premise in 2015.  It has no employees and both of its two primary principals (John Liu and Gary Pan) have moved on to other endeavors.  Gary Pan (aka Dong Pan) received the subpoena and asked the undersigned to attempt to get Idaho Power to voluntarily withdraw the subpoena because: 1) most if not all of the records it seeks are in the possession of the Plaintiff; 2) it would impose a substantial hardship for the company to try to respond since it is no longer in business; and attempts to enforce the subpoena may be the proverbial last straw that would cause Hydrotech to file a chapter 7 bankruptcy.

3.      Hydrotech's counsel has made at least three (3) attempts to contact Idaho Power's counsel to discuss the subpoena and the hardship it would impose on Hydrotech.  Idaho Power's counsel has been responsive and returned calls but as of the date of the filing of this motion they have not spoken, due to both of their busy schedules.  Because of the short 14 day time frame to file this motion to quash, the undersigned has filed it in order to prevent Hydtrotech from being deemed unresponsive or contemptuous to the Montana Federal District Court.

4.      The subpoena seeks the following documents:

1.      All Documents[1] You[2] authored, generated or otherwise contributed to related to the Clark Canyon Hydroelectric Project, including in native form all responsive excel files.
2.      All Communications[3] between You and Clark Canyon Hydro, LLC regarding the Clark Canyon Hydroelectric Project or the Dorena Hydroelectric Project.
3.      All Communications between You and Fiera Infrastructure or any of its employees regarding the Clark Canyon Hydroelectric Project or the Dorena Hydroelectric Project.
4.      All Communications between You and Aquilla Infrastructure Management, Inc., or any of its employees regarding the Clark Canyon Hydroelectric Project or the Dorena Hydroelectric Project.
5.      All Documents related to the procurement of turbine generators for the Clark Canyon Hydroelectric Project.

6.      All Communications between You and Dongfeng Electric related to the
Clark Canyon Hydroelectric Project.
7.      All contracts or agreements to which You, Clark Canyon Hydro, LLC, or
Dongfeng Electric were a party or are currently a party.

5.      The Dorena Hydro Electric Project was a hydro project undertaken around the
same time in the State of Oregon. It also ended up in litigation in Federal Court in Oregon.  The
Dorena project is unrelated to the Clark County project.  Initially a subpoena from the Federal
District Court of Oregon was issued in that case and after compliance with the subpoena
Hydrotech was then named as an additional party to that litigation in an amended complaint.
(*MOWAT Construction Company et al v. Dorena Hydro, LLC et al*, No. 6:14-CV-094-AA, US
District Court for Oregon). Hydrotech is concerned that the subpoena in this case is being used
as a pre-litigation discovery ploy that will then result in Hydrotech being needlessly brought into
this litigation as it was in the Dorena litigation.

6.      The subpoena purports to require the production of tens of thousands of records
on or before December 16, 2019 (one-week after service) and to provide such at a location in
Boise, Idaho, over 330 miles from Salt Lake City.

**THE SUBPOENA SHOULD BE QUASHED BECAUSE IT DOES NOT SATISFY
THE REQUIREMENTS OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Since Hydrotech, a Utah company, is no longer in business, has no employees and is only
functioning to wind down its affairs it would impose a substantial hardship to comply with the
subpoena.  The subpoena purports to require production of documents more than 100 miles from
where the company historically "regularly transacted business." It conducts no business now
except winding up.  The subpoena seeks thousands of documents not even related to this suit but
to a project (the Dorena project) wholly unrelated to this suit.  The Subpoena does not give

Hydrotech a reasonable time to comply.  Fed. R. Civ. P. Rule 45requires a court to quash any subpoena that does not allow the party subject to the subpoena a reasonable time to comply or requires a person to comply beyond the geographical limits specified in Rule 45.

Because the underlying contract between Hydrotech and Clark County was entered into in 2011 and normal business records retention is six to seven years it would be a hardship to comply with the subpoena even if the subpoena sought compliance in Salt Lake City and was given 60-90 days to do so.[2]  Hydrotech no longer has the financial or manpower resources to respond to the subpoena.

The Subpoena is unduly burdensome because the Plaintiff Clark County has all these documents (perhaps excepting the Dorena project) and presumptively would have placed a litigation hold on the documents when it filed the underlying suit in Montana. There is respectfully, no significant need to involve Hydrotech is this litigation.  Many of the documents' native language will be in Chinese.  In order to preserve any privilege (trade secret, proprietary information or attorney client communication) related to the documents this will require that one or both Hydrotech principal read the all the documents for content to appropriately preserve any privilege related to the documents.

Mr. Pan estimates that it would take about 1200 to 1800 engineering man hours to collect, analyze (to determine if it is responsive) and translate (as many if not all of the documents, drawings, and communication records between HydroTech and the factory are in Chinese).  In addition, they estimate it will also need some 200 management personnel man hours to retrieve the electronic documents such as emails, meeting minutes, and commercial

---

[2]  At its apex Hydrotech only had 4-5 employees and that included its two principals.

negotiation records. At a rate of $150 for engineering hours (P.E.) and $250 for business owner/manager hours, the cost of compliance is likely to be $110,000 to $140,000.  In the process of complying Hydrotech would likely produce 6-8,000 emails related to the two projects, 4-6,000 pages of documents (contracts, change orders, meeting records, etc.) and several hundreds of pages of design drawings which will be in a non-standard size. Mr. Pan further estimates that you would easily be looking at the retrieval, re-assembly and organization of 25,000 to 30,000 digital files (including e-mails) and maybe 8,000 to 10,000 printed pages.

Due to the breadth of the subpoena, this would require Mr. Pan to review virtually every document created by Hydrotech in the last eight years, a rather herculean task.

The Subpoena is overbroad and unduly burdensome because it seeks information and documents described in seven broad but different categories. Reasonable limits should be placed on discovery pursuant to Fed. R. Civ. P. 26(b)(2).

## CONCLUSION

For the foregoing reasons, Hydrotech Engineering, LLC, respectfully requests that this Court quash the subpoena that was purportedly served on December 9, 2019.

Dated this 3rd day of January, 2020.

**HARRIS, PRESTON & CHAMBERS, LLP**


*/s/ Jos. M. Chambers*
Joseph M. Chambers UT #0612
*Attorney for Hydrotech Engineering, LLC.*

## CERTIFICATE OF SERVICE

I certify that on January 3, 2020, I served a copy of the foregoing document to the following by:

☐ U.S. Mail, postage prepaid
☐ Hand Delivery
☐ Fax
■ Email


Brianne C. McClafferty
HOLLAND & HART – BILLINGS
401 North 31st Street
Suite 1500
Billings, MT 59101-1277
bcmcclafferty@hollandhart.com

Shane Coleman
HOLLAND & HART – BILLINGS
401 North 31st Street
Suite 1500
Billings, MT 59101-1277
spcoleman@hollandhart.com

Steven B. Andersen
ANDERSEN SCHWARTZMAN
WOODARD DEMPSEY, PLLC
101 S. Capitol Blvd., Ste. 1600
Boise, ID 83702
sba@aswdpllc.com

Wade L. Woodard
ANDERSEN SCHWARTZMAN
WOODARD DEMPSEY, PLLC
101 S. Capitol Blvd., Ste. 1600
Boise, ID 83702
wlw@aswdpllc.com

James C. Murnion
MEYER, SHAFFER & STEPANS, PLLP
430 Ryman Street
Missoula, MT 59802
james@mss-lawfirm.com

Robert L. Stepans
MEYER, SHAFFER & STEPANS, PLLP
430 Ryman Street
Missoula, MT 59802
rob@mss-lawfirm.com

Ryan R. Shaffer
MEYER, SHAFFER & STEPANS, PLLP
430 Ryman Street
Missoula, MT 59802
ryan@mss-lawfirm.com


/s/ Jos. M. Chambers
_____

Served 12.9.2019

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Montana

Server ___ Kasho

Date 12-19   Time 16 : 30

P/S Pong Pan

ANDERSON INVESTIGATIONS, INC.   #G101390
P.O. BOX 535, SLC, UT 84110   877-619-1110

CLARK CANYON HYDRO, LLC

*Plaintiff*

v.

IDAHO POWER COMPANY

*Defendant*

Civil Action No.   CV 18-65-BU-BMM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

HYDROTECH ENGINEERING, INC.
Registered Agent: 8675 S Sandy PKWY STE 111 SANDY, UT 84070

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached hereto.

| Place: 101 S. Capitol Blvd #1600<br>Boise, ID 83702<br>Or electronically: ask@awsdpllc.com | Date and Time:<br><br>12/16/2019 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/2/19

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Brianne McClafferty, 401 N. 31st Street, Billings MT 59101 _____ , who issues or requests this subpoena, are:

bcmcclafferty@hollandhart.com 406.896.4642

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. CV 18-65-BU-BMM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

1.     All Documents[1] You[2] authored, generated or otherwise contributed to related to the Clark Canyon Hydroelectric Project, including in native form all responsive excel files.

2.     All Communications[3] between You and Clark Canyon Hydro, LLC regarding the Clark Canyon Hydroelectric Project or the Dorena Hydroelectric Project.

3.     All Communications between You and Fiera Infrastructure or any of its employees regarding the Clark Canyon Hydroelectric Project or the Dorena Hydroelectric Project.

4.     All Communications between You and Aquilla Infrastructure Management, Inc., or any of its employees regarding the Clark Canyon Hydroelectric Project or the Dorena Hydroelectric Project.

5.     All Documents related to the procurement of turbine generators for the Clark Canyon Hydroelectric Project.

6.     All Communications between You and Dongfeng Electric related to the Clark Canyon Hydroelectric Project.

7.     All contracts or agreements to which You, Clark Canyon Hydro, LLC, or Dongfeng Electric were a party or are currently a party.

13881582_v1

---

[1] Documents means or refers to the original and all non-identical copies or reproductions of any written, printed, typed or recorded matter of any kind known to you or in your possession, custody or control or that of your agents, attorneys, or persons under their control, or any of them, including but not limited to: letters, correspondence, e-mails, text messages, memoranda, instructions, notes, diaries, calendars, charts, records, and accounting records.

[2] You means and refers to Hydrotech Engineering, Inc., any of its parent companies, subsidiaries, affiliates, managers, members, attorneys, and all other persons or entities acting on its behalf.

[3] Communications means and refers to any correspondence, emails, text messages, wires, interoffice or intra office communications, tape or voice recordings, voicemails or telephone communications, including information stored on any electronic media computer.